IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ARMANDO SANTOS,
    Petitioner,

vs.                                      Case No. 3:07cv4/RV/EMT

SCOTT P. FISHER, Warden,
    Respondent.
_____/

**REPORT AND RECOMMENDATION**

       This matter is before the court on an amended petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (Doc. 7).  Respondent has filed an answer (Doc. 14), to which Petitioner has replied (Doc. 16).

I.    BACKGROUND

       On July 13, 2001, Petitioner was arrested by state authorities in Tampa, Florida, and charged with possession with intent to sell cocaine (Doc. 14 at 3, Ex. 1, Declaration of James Hazleton ¶ 4). Petitioner was released on bond the same day (*id*., Hazleton Decl. ¶ 4).  On October 24, 2002, pursuant to a guilty plea, Petitioner was convicted of the charge and sentenced to a term of three years of incarceration (*id*.).

       On July 21, 2003, during the service of his state sentence, Petitioner was produced in federal court pursuant to a writ of habeas corpus ad prosequendum for an initial appearance on a federal charge of conspiracy to possess with intent to distribute five kilograms or more of cocaine, although Petitioner remained in the primary custody of the Florida Department of Corrections[1] (*id*. ¶ 5).

---

[1]When Petitioner was taken into federal custody on the writ, the State of Florida retained primary jurisdiction over him, because he was only "borrowed" by the federal Government. Causey v. Civilette, 621 F.2d 691, 693 (5th Cir. 1980) ("[t]he law is clear in this Circuit that, if a defendant is in state custody and he is turned over to federal officials for federal prosecution, the state government's loss of jurisdiction is only temporary . . . A writ of habeas corpus ad prosequendum is only a 'loan' of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction.") (decisions of the former Fifth Circuit decided by September 30, 1981, are binding precedent in the

United States v. Santos, Case No. 8:03cr255-T-30TBM, Docs. 1, 22, 31, 44. Petitioner pleaded guilty to the federal charge and was sentenced on August 26, 2004, to a term of fifty-one (51) months of incarceration, to be followed by a three-year term of supervised release, to run concurrently to Petitioner's state sentence (Doc. 14, Hazleton Decl. ¶ 6). Santos, Case No. 8:03cr255-T-30TBM, Docs. 76, 95, 148, 150. Petitioner was returned to state authorities on October 27, 2004, to complete the remainder of his state sentence, and a federal detainer was lodged with the Florida Department of Corrections (Doc. 14, Hazleton Decl. ¶ 6). Petitioner received state credit for the period July 21, 2003 to August 26, 2004, the time he was in the custody of the United States Marshals Service pursuant to the writ of habeas corpus ad prosequendum (*id*. ¶ 10). On August 1, 2005, Petitioner completed his state sentence and was released to federal custody to serve the remainder of his federal sentence (*id*. ¶ 7). On October 11, 2005, Petitioner's federal sentence was reduced to a term of forty-one (41) months (*id*. ¶ 8). Santos, Case No. 8:03cr255-T-30TBM, Doc. 182. Petitioner was recently released to a halfway house (Doc. 16).

The Bureau of Prisons (BOP) calculated Petitioner's federal sentence as commencing on the date it was imposed, August 26, 2004. The BOP refused to grant Petitioner credit for the period between the date he was produced to federal authorities on the writ of prosecution and the date his federal sentence was imposed, specifically, July 21, 2003 and August 26, 2004. Petitioner sought relief through the administrative channels of the BOP (*see* Doc. 7, attached administrative grievances).[2] In response, the BOP denied the relief requested by Petitioner, informing him that he was awarded all of the credit to which he is entitled in accordance with 18 U.S.C. § 3858(b) and BOP Program Statement 5880.28. Respondent concedes that Petitioner exhausted his administrative remedies with respect to this claim (Doc. 14 at 2–3).

II.     STANDARD OF REVIEW

Acting through the BOP, the federal Attorney General initially possesses the exclusive authority to compute sentence credit awards after sentencing. Rodriguez v. Lamar, 60 F.3d 745, 747

---

Eleventh Circuit, Bonner v. City of Pritchard, Ala., 661 F.2d 1206 (11th Cir. 1981)).

[2]The court notes that the only issue Petitioner raised in the administrative grievance process was the BOP's failure to grant sentence credit for the period July 17, 2003 to August 26, 2004 (*see* Doc. 7, attached administrative grievances). Therefore, that is the only issue properly before this court.

Case No.: 3:07cv4/RV/EMT

(11th Cir. 1995). Once a petitioner has exhausted his administrative remedies within the BOP, the district court may review the constitutionality of the Bureau's decision and its statutory construction. *Id.* The court's analysis, however, is deferential: if the language of the applicable statutory provision clearly outlines its congressional purpose, an interpreting court and administrative agency "must give effect to the unambiguously expressed intent of Congress." If the statute is silent or ambiguous, however, a reviewing court must defer to an agency's reasonable interpretation unless it is "arbitrary, capricious, or manifestly contrary to the statute." *Id.* (citing Chevron USA Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842–844, 104 S. Ct. 2778, 81 L. Ed.2d 694 (1984)).

III.  ANALYSIS

Petitioner contends he is entitled to relief based on four grounds. First, he claims that the period he spent in federal custody after imposition of his state sentence and before imposition of his federal sentence was "official detention" for which he is entitled to credit on his federal sentence (Doc. 7 at 3, supporting memorandum at 7). Second, Petitioner appears to argue that the federal sentencing judge stated at sentencing that Petitioner's federal sentence was to run concurrent to his state sentence, meaning, his federal sentence should have commenced on October 24, 2002, the date he was sentenced on his state conviction (Doc. 7, supporting memorandum at 7–8). Third, Petitioner argues that the federal sentencing court should have related his sentence back to October 24, 2002, the date his state imprisonment began (*id*. at 8–10). Finally, in his reply to Respondent's answer, Petitioner contends that the BOP's calculation of his sentence renders his guilty plea involuntary (Doc. 16 at 2–3). Each of these arguments will be addressed in turn.

A.  Section 3585 & BOP Statement

The BOP argues that pursuant to the clear language of 18 U.S.C. § 3585, Petitioner is not entitled to the requested relief. Section 3585 provides:

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–

>   (1) as a result of the offense for which the sentence was imposed; or
>
>   (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585 (emphasis added.).

The BOP has interpreted this statute in Program Statement 5880.28 as meaning that "[i]n no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed." *See* Program Statement 5880.28, Ch. I, sect. 3.b. After a defendant is sentenced, it falls to the BOP, not the district court, to determine when a sentence is deemed to "commence." 18 U.S.C. § 3585(a). Additionally, as the Supreme Court has held, the BOP determines whether the defendant should receive credit for time spent in custody before the sentence "commenced" in accordance with section 3585(b). *See* United States v. Wilson, 503 U.S. 329, 112 S. Ct. 1351, 117 L. Ed.2d 593 (1992) (BOP determines credit issues, not the district courts). In fact, the federal courts do not have the authority under Section 3585 to order the BOP to credit a prisoner with state time served. United States v. Pineyro, 112 F.3d 43, 45 (2d Cir. 1997).

Petitioner does not dispute that the period in question, July 17, 2003 to August 26, 2004, was credited against his state sentence. Since Section 3585(b) expressly precludes the BOP from granting credit for time "credited against another sentence," the BOP did not unreasonably apply the statute to the Petitioner's case. *See* Rios v. Wiley, 201 F.3d 257, 276 (3d Cir. 2000); United States v. Dennis, 926 F.2d 768, 770 (8th Cir. 1991); Bailes v. Booker, 125 F.3d 861, 1997 WL 634099 (10th Cir. Oct. 10, 1997) (Table, Text in Westlaw).

B.    Comments of Sentencing Court

Petitioner additionally appears to argue that even if Section 3585 did not grant the BOP authority to award him credit on his federal sentence for time spent serving his state sentence, the BOP should have awarded him the requested credit in order to effectuate the intent of the sentencing court. Petitioner has mischaracterized the following statement by the sentencing judge:

>   COURT: And I will make it concurrent, Mr. Ostrander [Petitioner's counsel]. . . . This term of imprisonment shall be served concurrently with the term of imprisonment that the defendant is serving with the State of Florida.

(*see* Doc. 7, supporting memorandum at 7). The comment of the sentencing judge indicates only that the court intended that Petitioner's federal sentence would run at the same time as his state sentence. The sentencing court made no determination that Petitioner's federal sentence would commence prior to August 26, 2004.

      C.      Challenges to Imposition of Sentence and Guilty Plea

Petitioner appears to raise two claims that challenge the validity of his conviction and sentence: (1) the sentencing court should have related his sentence back to October 24, 2002, the date he was sentenced in state court because Petitioner's state and federal convictions arose out of a single cause of conduct (*see* Doc. 7 at 7–10), and (2) the BOP's failure to grant sentence credit for the period July 17, 2003 to August 26, 2004, breached the plea agreement, thereby rendering his plea involuntary (*see* Doc. 16 at 3). To the extent Petitioner challenges the imposition or validity of his conviction or sentence, his claims are properly raised in motion to vacate sentence pursuant to 28 U.S.C. § 2255. *See* United States v. Hayman, 342 U.S. 205, 72 S. Ct. 263, 96 L. Ed. 232 (1952). By contrast, a habeas corpus petition under § 2241 generally attacks only the execution or carrying out of an initially valid confinement. *See* Broussard v. Lippman, 643 F.2d 1131 (5th Cir. Unit A 1981).

When a defendant previously filed a § 2255 motion, he must apply for and receive permission from the court of appeals before filing a successive § 2255 motion. 28 U.S.C. §§ 2244(b)(3), 2255. A defendant who filed a previous § 2255 motion and was denied relief may not circumvent the rule restricting successive motions simply by filing a petition under § 2241. *See* Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999). Although jurisdiction under § 2241 may be found through what has been referred to as "the savings clause" of the amended § 2255,[3] this remedy is available only if Petitioner establishes that the § 2255 remedy is inadequate or ineffective.

---

[3]The "savings clause" provides:
>An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, <u>unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention</u>.

(emphasis added).

Case No.: 3:07cv4/RV/EMT

*See* Wofford, 177 F.3d at 1245; McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979); Lane v. Hanberry, 601 F.2d 805 (5th Cir. 1979).  In Wofford, the Eleventh Circuit stated:

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

177 F.3d at 1244.

In the instant case, Petitioner states that he previously filed a § 2255 motion in the United States District Court for the Middle District of Florida, and the court dismissed the motion as time barred (Doc 7 at 2–3).  Additionally, Petitioner apparently recognizes that a claim challenging the voluntariness of his plea must normally be presented in a motion attacking the conviction pursuant; however, Petitioner contends that the district court improperly applied the time bar to his § 2255 motion (*id.*).  Petitioner may not use § 2241 as a substitute for direct appeal of the dismissal of his § 2255 motion.  Furthermore, Petitioner has failed to show he qualifies for consideration of his claims under the "savings clause" of § 2255, as he has failed to satisfy the three-prong standard of Wofford.  Accordingly, Petitioner is not entitled to review of his claim that the sentencing court failed to relate his sentence back to October 24, 2002, the date he was sentenced in state court because Petitioner's state and federal convictions arose out of a single cause of conduct, nor is Petitioner entitled to review of his claim that the BOP's failure to grant sentence credit rendered his guilty plea involuntary.[4]

Finally, to the extent Petitioner alleges the BOP incorrectly calculated his Good Conduct Time (GCT) by awarding GCT based on the time he actually served instead of the sentence imposed, his claim is without merit.  The Eleventh Circuit has upheld the BOP's method of calculating GCT.  *See* Brown v. McFadden, 416 F.3d 1272, 1272 (11th Cir. 2005).

---

[4]The undersigned further notes that Petitioner was sentenced in state court for possession with intent to distribute cocaine, while he was sentenced in federal court for a conspiracy charge.  It is well established that possession and conspiracy are separate offenses notwithstanding the fact that proof of each charge relies on the same facts.  *See* Callanan v. United States, 364 U.S. 587, 593, 81 S. Ct. 321, 5 L. Ed. 2d 312 (1961); United States v. Brown, 183 F.3d 1306, 1314 (11th Cir. 1999) (citing United States v. Derose, 74 F.3d 1177, 1182–84 (11th Cir. 1996)).

Case No.:  3:07cv4/RV/EMT

For the foregoing reasons, it is respectfully **RECOMMENDED**:

That Petitioner's amended petition for writ of habeas corpus (Doc. 7) be **DENIED** and the clerk be directed to close the file.

At Pensacola, Florida, this 22nd day of May 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636;** United States v. Roberts**, 858 F.2d 698, 701 (11th Cir. 1988).**